IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMES A. LINT, DY-8760, )
    Petitioner )
)
        v. ) Civil Action No.   05-0953
)
RAYMOND J. COLLERAN, )
    Respondent. )

Report and Recommendation

I.  Recommendation:

It is respectfully recommended that the petition of James A. Lint for a writ of habeas corpus be transferred to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. 1631.

II.  Report:

James A. Lint has presented a petition for a writ of habeas corpus.  In his petition, Lint seeks to challenge his two and a half to ten year sentence imposed following his conviction upon a plea of nolo contendere of aggravated indecent assault, indecent assault and terroristic threats at No. CC 199800760 in the Court of Common Pleas of Allegheny County, Pennsylvania.  This sentence was imposed on June 21, 1999.

The instant petition was filed on July 12, 2005.  However, this is not the first federal challenge that the petitioner has directed at this conviction.  In 2002 he filed a federal habeas corpus petition in this Court which was filed at C.A. 02-813 challenging this same conviction.

In the latter case, the petition was dismissed on the grounds that the claims were without merit[1]

The Antiterrorism and Effective Death Penalty Act, signed into law on April 24, 1996, included several major reforms to the federal habeas corpus laws. As part of this habeas corpus reform, Congress amended 28 U.S.C. § 2244 to prohibit district courts from entertaining claims presented in a second or successive habeas corpus application unless the appropriate federal court of appeals authorizes such filing. The relevant amended language provides as follows:

> (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

28 U.S.C. § 2244(b)(3).

Because it would appear that this Court cannot consider the instant petition without leave of the Court of Appeals, it is recommended that the petition of James A. Lint for a writ of habeas corpus be transferred to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. 1631.

Within ten (10) days after being served, any party may serve and file written objections to

---

[1]. A copy of the Report and Recommendation is attached hereto.

the report and recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

        Respectfully submitted,

        S/ Robert C. Mitchell

Dated: July 25, 2005

        Robert C.  Mitchell,
        United States Magistrate Judge.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES A. LINT, DY-8760,<br>    Petitioner, | )<br>)<br>) |
| v. | ) Civil Action No. 02-813 |
| COMMONWEALTH OF<br>PENNSYLVANIA, et al.,<br>    Respondents. | )<br>)<br>)<br>)<br>) |

Report and Recommendation

I. Recommendation:

It is respectfully recommended that the petition of James A. Lint for a writ of habeas corpus be dismissed, and that a certificate of appealability be denied.

II. Report:

James a Lint has presented a petition for a writ of habeas corpus.[2] In a Rule and Order entered on April 30, 2002, the respondent and the District Attorney of Allegheny County were directed to answer and show cause, if any, why the relief sought should not be granted.

Lint is presently incarcerated at the State Correctional Institution at Waymart serving a two and a half to ten year sentence imposed upon his plea of nolo contendere to charges of aggravated indecent assault, indecent assault and terroristic threats at No. CC 9800760 in the

---

[2] The petition was originally filed on January 11, 2002, in the United States District Court for the Middle District of Pennsylvania and transferred to this Court pursuant to 28 U.S.C. 2241(d).

Court of Common Pleas of Allegheny County, Pennsylvania.[3] On June 21, 1999, the instant sentence was imposed.[4]

On July 15, 1999, counsel for the petitioner filed a notice of appeal to the Superior Court. On appeal, the sole issue raised was:

> The nolo plea colloquy was fatally defective where the record failed to establish a factual basis for the plea. Counsel was therefore ineffective for failing to correct the colloquy and for failing to submit a motion to withdraw Mr. Lint's plea.[5]

On September 15, 2000, the judgment of sentence was affirmed.[6] A petition for allowance of appeal to the Pennsylvania Supreme Court was filed in which the issue presented was:

> The holding of the panel of the Superior Court below that allegations of fact, contained in court documents or made in other proceedings, which have not been acknowledged as provable by the defendant, may be substituted for an on the record factual summary of the plea hearing is contrary to this Honorable Court's holding in Commonwealth v. Anthony, 504 Pa. 551 (1984).[7]

On March 8, 2001, leave to appeal was denied.[8] The instant petition was executed on January 2, 2002, and in support of the petition, Lint alleges he is entitled to relief on the grounds that:

   A. I did not know the conditions of the plea bargain.

---

[3] Pursuant to a plea agreement the charges of involuntary deviate sexual intercourse and criminal attempt were dismissed.

[4] In its response the Commonwealth explains that the petitioner originally entered his plea on April 5, 1999, and upon motion granted on May 20, 1999, he was permitted to withdraw his plea. He again entered a plea of nolo contendere on June 21, 1999 and the instant sentence was imposed.

[5] See: Exhibit 19 to the answer of the Commonwealth.

[6] See: Exhibit 21 to the answer of the Commonwealth.

[7] See: Exhibit 22 to the answer of the Commonwealth.

[8] See: Exhibit 23 to the answer of the Commonwealth.

B. I have been denied due process by my attorney. He did nothing to help me in court.

C. Ineffective assistance of counsel due to lack of preparation.

D. Counsel was ineffective for not discovering evidence that would have exonerated the petitioner.[9]

The initial matter for consideration, is whether or not the instant petition has been timely filed. AEDPA provides that a one year limitation period applies. 28 U.S.C. 2244(d)(1). In the instant case, the petitioner's conviction became final when the time in which to seek certiorari expired, or on June 6, 2001. Kapral v. United States, 166 F.3d 565 (3d Cir.1999). Since the instant petition was executed on January 2, 2002, it was timely filed here, and the Commonwealth so concedes.[10]

The next issue that need to be addressed is that of exhaustion.

It is provided in 28 U.S.C. §2254(b) that:

An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

---

[9] See ¶ 12 of the petition.

[10] See: Answer of the Commonwealth at page 8.

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

In Hameen v. Delaware, 212 F.3d 226, 235 (3d Cir. 2000), the Court determined:

> The Court in Williams v. Taylor held that "[u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." Williams v. Taylor, further held that "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." the "unreasonable application" inquiry requires the habeas court to "ask whether the state court's application of clearly established federal law was objectively unreasonable." Thus, under the "unreasonable application" clause, "a

federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." The Court in <u>Williams v. Taylor</u> made it clear that the "contrary to" and "unreasonable application"clauses have independent meaning.

The only issue which Lint presented to the Pennsylvania appellate courts for their consideration regarded the inadequacy of counsel in conjunction with the plea colloquy. Since the remaining issues have not been presented to the Courts of the Commonwealth, and are now time barred in those courts[11] a procedural default has occurred as to them.

In <u>Coleman v. Thompson</u>, 501 U.S. 722,750 (1991), the Court held:

In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.

No such showing is made here, and for this reason, those claims are procedurally defaulted and are subject to dismissal.[12]

The only allegation which the petitioner makes here that needs to be addressed is his claim that he was not aware of the terms of the plea agreement. The record demonstrates that prior to appearing in court for the entry of the plea, Lint executed a "Nolo Contendere Explanation of Defendant's Rights."[13] In that explanation, the petitioner acknowledged that he understood his various rights; that he had discussed them with his attorney; that he was

---

[11] See: 42 Pa..C.S.A. 9545(b).

[12] While we recognize that the instant petition is a mixed petition, <u>Rose v. Lundy</u>, 455 U.S. 509 (1982), we also recognize that there are no longer any state court remedies available to the petitioner.

[13] See: Exhibit 9 to the answer of the Commonwealth.

voluntarily entering his plea and that he recognized that by entering a nolo plea, he was agreeing not the challenge the charges against him.[14]

The Court then conducted a thorough colloquy.[15] Specifically, the court informed the petitioner of the various counts and possible sentences which could be imposed upon conviction (R. TT. 3-5);[16] that he understood the possible sentence which could be imposed as a result of his plea (TT.7-8); that he understood the benefit he would receive as a result of the plea agreement (TT.8-9); that he understood the Commonwealth's recitation of the charges (TT.11-12); that he desired to plead no contest recognizing that by doing so a conviction would result and the same penalties would be applied (TT.13) and that after equivocating, the petitioner again stated his intention of pleading no contest and take advantage of the plea agreement (TT.17).

Where a petitioner seeks to challenge a conviction based upon a plea, he must demonstrate that the guilty plea was not voluntarily and intelligently entered. Meyers v. Gillis, 93 F.3d 1147 (3d Cir.1996). Clearly, the record demonstrates that the plaintiff was fully aware of the plea agreement he elected to accept by entering his plea; that he enjoyed the assistance of counsel, and he cannot now come forward and challenge his understanding. Blackledge v. Allison, 431 U.S. 63 (1977). Thus, because no basis for concluding that the plea was not voluntarily and intelligently entered exists, this claim is without merit.

Accordingly, it is recommended that the petition of James A. Lint for a writ of habeas corpus be dismissed and that a certificate of appealability be denied.

---

[14] Id.

[15] See: Exhibit 8 to the answer of the Commonwealth.

[16] Record references marked "TT" refer to the transcript of the plea hearing held on June 21, 1999 which appears as Commonwealth's Exhibit 8.

Within ten (10) days after being served, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

                                                  Respectfully submitted,

Dated:                                       Robert C. Mitchell,
                                              United States Magistrate Judge